## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

U.S. Bank National Association,	Civil No. 10-4881 (DWF/LIB)

        Plaintiff,

v.	**MEMORANDUM OPINION AND ORDER**

Polyphase Electric Company, Frances F.
Harkonen, Timothy W. Harkonen, Wesley S.
Harkonen, and W. Scott Harkonen as Trustee
for the W. Scott Harkonen Living Trust,

        Defendants,

W. Scott Harkonen as Trustee for the W.
Scott Harkonen Living Trust, and Wesley S. Harkonen,

        Cross Claimants,

v.

Frances F. Harkonen, Timothy W. Harkonen, and
Polyphase Electric Company,

        Cross Defendants.

---

Charles F. Webber, Esq., and Erin M. Verneris, Esq., Faegre & Benson, LLP, counsel for Plaintiff.

John F. Hedtke, Esq., Hedtke Law Office, counsel for Defendants Polyphase Electric Company, Frances F. Harkonen, Timothy W. Harkonen, Wesley S. Harkonen, and W. Scott Harkonen.

Brian J. Pousson, Esq., and Charles J. Schoenwetter, Esq., Bowman & Brooke, LLP counsel for Defendants Wesley S. Harkonen and W. Scott Harkonen as Trustee for the W. Scott Harkonen Living Trust.

## INTRODUCTION

This matter is before the Court on Defendants'[1] Motions to Dismiss for Lack of Subject Matter Jurisdiction. For the reasons set forth below, the Court denies Defendants' motions.

## BACKGROUND

This is a diversity action that involves a dispute over a revolving bank loan. Because the current issue before the Court is whether this is an action between "citizens of different states," the only facts that are relevant to these motions are the citizenships of the parties. Plaintiff U.S. Bank is a national banking association, and its Amended and Restated Articles of Association designate Cincinnati, Ohio, as the location of its main office. Defendants allege, and U.S. Bank does not appear to dispute for the purpose of these motions, that Minneapolis, Minnesota, is U.S. Bank's principal place of business. Defendants Polyphase Electric Company, Frances Harkonen, and Timothy Harkonen are citizens of Minnesota. Defendant Wesley Harkonen is a citizen of California. And, because a trust is not an entity that can sue and be sued, *see First Union National Bank v. Pictet Overseas Trust Corp., Ltd.*, 351 F.3d 810, 814 (8th Cir. 2003), the trustee's

---

[1] Defendants W. Scott Harkonen as Trustee for the W. Scott Harkonen Living Trust and Wesley S. Harkonen submitted one motion. Defendants Frances F. Harkonen, Timothy W. Harkonen, and Polyphase Electric Company submitted a second motion that joined the first motion. For this reason, the Court will refer to both motions collectively as "Defendants' motions."

citizenship is what matters for the purposes of diversity jurisdiction. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980). Here, the trustee is a citizen of California.

## DISCUSSION

Federal courts are courts of limited jurisdiction, and the "threshold requirement in every federal case is jurisdiction." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties. *Id.* Federal Rule of Civil Procedure 12(b)(1) is the proper vehicle by which to seek dismissal of a claim for lack of federal subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction may challenge a plaintiff's complaint either on its face or on the factual truthfulness of its averments. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). When a defendant brings a facial challenge—a challenge that, even if truthful, the facts alleged in a claim are insufficient to establish jurisdiction—a court reviews the pleadings alone, and the non-moving party receives the same protections as it would defending against a motion brought pursuant to Rule 12(b)(6). *Id.* In a factual challenge to jurisdiction, the court may consider matters outside the pleadings, and the non-moving party does not benefit from the safeguards of Rule 12(b)(6). *Id.*

### I.     Citizenship of a National Bank

In its Complaint, U.S. Bank alleges that "[t]his Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because . . . completely diversity of citizenship exists between plaintiff and defendants because plaintiff is a citizen of Ohio, while defendants

3

are citizens of Minnesota and California." (Doc. 1 ¶ 7.) Defendants challenge this assertion in their motions, alleging that U.S. Bank is a citizen of both Minnesota and Ohio and that, as a result, diversity jurisdiction is lacking. According to Defendants, a national association bank should be a citizen of the state in which its main office is located as well as a citizen of the state where its principal place of business is located. Defendants acknowledge that no binding precedent conclusively resolves the issue of whether a national bank is also a citizen of the state where its principal place of business is located when that state is different from the location of the main office designated in the national bank's articles of association. Nevertheless, Defendants assert that the United States Supreme Court in *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), indicated that national banks should have equal—not greater or lesser—access to federal courts as do state banks and other corporations. Given this, Defendants contend that the legislative history of the relevant statutes and the cannons of statutory interpretation support the proposition that a national bank is also a citizen of the state where its principal place of business is located.

U.S. Bank responds that 28 U.S.C. § 1348 proscribes that a national banking association is only a citizen of the state in which its main office is located and that the United States Supreme Court confirmed this interpretation in *Wachovia.* U.S. Bank asserts that footnotes 8 and 9 in *Wachovia* support its interpretation because the Supreme Court specifically acknowledged that § 1348 does not refer to a "principal place of business" and that in most cases it will not matter because a national bank's main office and principal place of business coincide.

4

After reviewing the cases cited by the parties and considering the unique nature of national banks and their legislative history, the Court finds persuasive those cases that interpret *Wachovia* as holding that a national bank is a citizen of only the state in which its main office is located as set forth in its articles of association. *See, e.g., Hicklin Eng'g L.C. v. Bartell,* 439 F.3d 346, 348 (7th Cir. 2006); *Excelsior Funds v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312, 320-22 (S.D.N.Y. 2006); *Crear v. JP Morgan Chase Bank N.A.*, No. 10-10875, 2011 WL 1129574, at *2 (5th Cir. Mar. 28, 2011); *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC,* Civ. No. 08-5472 (JNE/FLN), 2008 WL 5429134, at *1 (D. Minn. Dec. 29, 2008);[2] *Hinton v. Wachovia Bank of Delaware N.A.*, No. 05-5750, 2006 WL 1751293, at *2 n.6 (6th Cir. June 27, 2006).

While national banks may be like corporations for some purposes, their unique nature and legislative history must be factored into any jurisdictional analysis. National banks are privately-owned, for-profit corporations that are incorporated under and governed by federal law. 36 Am. Jur. 2d Foreign Corporation §§ 93-109 (2001) (discussing federal corporations). There is a specific federal statute that addresses the ability of national banks to sue and be sued in federal court. Specifically, § 1348 provides:

> The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the

---

[2] This case was appealed to the United States Court of Appeals for the Eighth Circuit, and the matter was submitted on the briefs on April 2, 2011. It is currently under advisement by the Eighth Circuit.

> affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter.
>
> *All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.*

28 U.S.C. § 1348 (emphasis added).

In *Wachovia*, the United States Supreme Court analyzed "located" as used in the second paragraph of § 1348. In that case, North Carolina was Wachovia's principal place of business and the location of its main office as listed in its articles of association, but the bank also had branches in several other states. *Wachovia*, 546 U.S. at 307. The Supreme Court answered the question of whether a national bank is located or a citizen for diversity purposes of every state in which it has a branch office. *Id*. at 306-07. Interpreting § 1348, the *Wachovia* court concluded that a national bank is not located wherever it operates a branch office, but rather, a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Id*. at 307. In reaching that conclusion, the Court noted that the two paragraphs of § 1348 apply to different types of proceedings. *Id*. at 315 n.8. The Court also specifically highlighted the fact that corporations and national banks do not have parity for jurisdictional purposes:

> To achieve complete parity with state banks and other state-incorporated entities, a national banking association would have to be deemed a citizen of both the State of its main office and the State of its principal place of business. *See Horton*, 387 F.3d, at 431, and n. 26; *Firstar Bank, N. A*., 253 F.3d, at 993–994. Congress has prescribed that a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). The counterpart provision for national

6

> banking associations, § 1348, however, does not refer to "principal place of business"; it simply deems such associations "citizens of the States in which they are respectively located." The absence of a "principal place of business" reference in § 1348 may be of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide.

*Id.* at 317 n.9.

The Court rejects Defendants' assertion that a national bank is a citizen of both the state designated in its articles of association and the state in which its principal place of business is located. The second paragraph of § 1348 clearly provides that for all actions by or against national banks, other than the ones listed in the first paragraph of § 1348, national banks are citizens of "the States in which they are respectively located." The *Wachovia* court answered the question of the meaning of "located," which it declared to be the location of a national bank's main office as set forth in its articles of association. U.S. Bank's Amended and Restated Articles of Association designate Ohio as the bank's main office, and Defendants are located in Minnesota and California. Given this and the fact that there is no dispute over the amount in controversy, the Court concludes that it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## II.     Judicial Estoppel

Defendants point out that in approximately sixty post-*Wachovia* cases, U.S. Bank has claimed for diversity purposes that it was a citizen of Minnesota. Given this, Defendants alternatively argue that U.S. Bank should be judicially estopped from denying that it is a citizen of Minnesota and from relying on the fact that its articles of association designate Ohio as the location of its main office.

The Court is troubled by what appears to be U.S Bank's careless use of boilerplate pleadings.[3] Nevertheless, because judicial estoppel does not apply to questions of subject matter jurisdiction, *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009), the Court cannot invoke estoppel in this matter.

## CONCLUSION

This Memorandum Opinion and Order is a reminder to U.S. Bank that Federal Rule of Civil Procedure 11 applies to its jurisdictional allegations in future cases. The Court is confident that U.S. Bank will ensure that all of its outside counsel are familiar with 28 U.S.C. § 1348, *Wachovia*, this Memorandum Opinion and Order, and other relevant opinions that are sure to follow this one. If U.S. Bank fails to do so, it may risk sanctions in future cases.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants W. Scott Harkonen as Trustee for the W. Scott Harkonen Living Trust and Wesley S. Harkonen's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. [12]) is **DENIED**.

---

[3] The Court notes that U.S Bank's counsel in this case was not the counsel of record in any of the sixty cases. In all but approximately five of the cases, if U.S. Bank would have properly alleged that it was a citizen of Ohio and not of Minnesota, the respective courts' jurisdiction would not have been impacted.

9

2. Defendants Frances Harkonen, Timothy Harkonen, and Polyphase Electric Company's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. [21]) is **DENIED**.

Dated: August 17, 2011   s/Donovan W. Frank
                         DONOVAN W. FRANK
                         United States District Judge